[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a habeas corpus petition in which the petitioner alleges ineffective assistance of counsel and a due process violation because of the means by which the transcript of the change of plea and sentencing was corrected. He also complained about the sentence he received.
 I
The petitioner's claims of ineffective assistance were stated to the court as a failure of counsel to investigate areas pertinent to his case and to contact a court clerk about a case the petitioner claimed to have information. He felt he could exchange that information with the prosecutor for favorable treatment.
The special public defender representing Mr. Barnes testified at length and explained in detail what he had done in the petitioner's cases and what the trial tactics would include. In the most serious case, the petitioner's only hope was that the victim would not appear for trial.
He also explained the steps he had taken to get some mileage out of the petitioner's offer of information to the prosecution. This was explored and the offer of cooperation was declined.
The court finds no merit to the allegations of ineffective assistance of counsel in the two areas specifically mentioned by the petitioner.
 II CT Page 10069
The complaint about the sentence imposed by the court is tied into the transcript correction.
The petitioner, who had a substantial prior felony record, had four files pending which were negotiated to a total effective sentence of five years. He agreed at trial that he negotiated for five years and that he received five years. There was no suggestion that he considered his counsel ineffective in negotiating for this result. (In fact, the court considers this disposition extremely favorable to Mr. Barnes).
In response to the court's questions, the petitioner stated that he bargained for a plea on two counts of second degree assault, one count of third degree assault and two counts of threatening. The court record reflects that this is what he pleaded to and this is what he was sentenced on.
Apparently a typographical error in this transcript of the plea and sentencing led the petitioner to believe he had pleaded to a second count of third degree assault and received a sentence of five years, in excess of the maximum for third degree assault. Regardless of the petitioner's impression, the court record and the corrected transcript support the conclusion that the plea and sentence questioned were as agreed upon.
In any event the petitioner cites no prejudice suffered, even if his contention were correct.
 III
Related to the discussion above as to the transcript typo, is the argument raised at trial to the effect that the correction of an error in typing by the publishing of a correct transcript is improper and the court should strike the plea.
Again the petitioner shows no prejudice suffered in the process, but he urges the court to find the plea to an assault in the second degree invalid citing Section 4051 of the Practice Book (now Section 66-5) and State v. Lopez, 235 Conn. 487 (1995).
The court finds the petitioners reliance on these sources is misplaced. State v. Lopez states that a party is not deprived of due process because of a rectification made without giving that party a hearing. Id., 497. In the case of Mr. Barnes' transcript, the practice book process was not followed since no motion to CT Page 10070 rectify was filed. The petitioner objected to its use at trial but filed nothing pre-trial and offered no evidence as to its lack of reliability.
Further, Section 66-5 is only applicable to the appellate process, so it was not necessary to file a motion to correct the transcript of the plea and sentencing.
 CONCLUSION
The court finds the petitioner received a most favorable disposition by counsel who performed effectively in his behalf. It is also found that the petitioner received the benefit of the plea bargain negotiated.
The petitioner having failed to demonstrate that his counsel was ineffective, and having demonstrated no prejudice, the petition is denied.
Anthony V. DeMayo Judge Trial Referee